UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GARDNER,

          Plaintiff,

v.

MIKAT,

          Defendant.

                                  /

Case No. 2:20-cv-10992

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING THE CASE**

On April 22, 2020, Plaintiff Eric Gardner, a prisoner confined at the Carson City Correctional Facility, filed a pro se complaint and an application to proceed without prepayment of fees ("IFP") in the Western District of Michigan. ECF 1, 2. The case was then transferred to the Eastern District of Michigan. ECF 3. Because Plaintiff's IFP application was incomplete, the Court denied the application and ordered Plaintiff to either file a complete application or pay the filing fee no later than May 15, 2020. ECF 5. The Court advised Plaintiff that failure to comply with the order would result in dismissal of the case. *Id.* at 3. Nearly two weeks have passed since the deadline and the Court has not received either a completed IFP application or a filing fee from Plaintiff. The Court will therefore dismiss the case. Further, as set forth below, even if Plaintiff filed a completed IFP application that is delayed in the mail, the Court would still dismiss the case.

The complaint named Unknown Mikat, a librarian at the Woodland Correctional Facility, located in Whitmore Lake, Michigan, as Defendant. ECF 1,

1

PgID 1, 3. Plaintiff stated only that he sought damages from Mikat and that Mikat was "acting under the color of law at the time of the violation" but did not elaborate on what Mikat's alleged violation was. *Id.* at 3. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To sufficiently state a claim under 42 U.S.C. § 1983, Plaintiff "must allege [a] violation of a right secured by the" federal Constitution or laws "and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

While a complaint need not contain detailed factual allegations, Plaintiff's allegations must include "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the

2

complaint contained "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

## DISCUSSION

Plaintiff's threadbare complaint contained few factual allegations. *See* ECF 1. The facts can be pieced together from the attached exhibits, which demonstrate that Plaintiff's claim is for denial of his right to access the courts. *See* ECF 1-1–1-6. Plaintiff attached to his complaint letters he wrote seeking the assistance of a legal writer to help with some court documents and complaining that he was not receiving the assistance he sought. ECF 1-1. He also attached the grievance he filed. ECF 1-2. The reply to the grievance indicated that no legal writer was assigned to Plaintiff because his legal materials had not yet been received from Plaintiff's prior facility. *Id.* at 12.

It appears that Plaintiff's legal papers were received at the Woodland facility on June 14, 2019. *Id.* Plaintiff thereafter attempted to file an application for leave to

appeal in the Michigan Supreme Court on June 23, 2019, but it was rejected by that court as untimely. ECF 1-3, 1-4.

It also appears that Plaintiff was attempting to appeal the denial of relief by the Michigan Court of Appeals of Plaintiff's successive post-conviction review proceeding. *See People v. Gardner*, Michigan Court of Appeals No. 346976 (April 25, 2019).[1] The appeal was dismissed by the Michigan Court of Appeals because the appeal was prohibited by Michigan Court Rule 6.502(G)(1), which limits Michigan defendants to a single post-conviction review proceeding. *Id.*

It is well established that prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992) (citation omitted).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with access to the courts, Plaintiff must demonstrate "actual injury." *Lewis*, 518 U.S. at 349. Plaintiff must plead facts that the shortcomings in the prison legal assistance program or lack of legal materials hindered his efforts to pursue a nonfrivolous legal claim. *Id.* at 351–53. And the Supreme Court has strictly limited the types of cases for which there may be an actual injury—the constitutional protection extends only

---

[1] The text of the Michigan Court of Appeals order appears on their website: https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=346976&CourtType_CaseNumber=2

4

to tools inmates need "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Id.* at 355.

"Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). The underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353. "[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff completely failed to describe the nature of the underlying post-conviction review claims, and he has therefore failed to allege actual injury within the meaning of *Lewis* and *Christopher*. Moreover, based on the Michigan Court of Appeals records, it is clear that Plaintiff was attempting to appeal an order of the that court dismissing his successive post-conviction review proceeding under Michigan Court Rule 6.502(G)(1). Under that court rule, a criminal appellant is prohibited from appealing the denial of a successive post-conviction motion. Mich. Ct. R. 6.502(G)(1). As a result, any timely appeal would have nevertheless been frivolous. Accordingly, Plaintiff has failed to allege facts sufficient to state an access-to-the-courts claim. He has not pled facts indicating that he had a non-frivolous claim to pursue in the Michigan Supreme Court.

Plaintiff's complaint is therefore dismissed for failure to timely correct his IFP application or pay the filing fee. And alternatively, even if he mailed the corrected

5

IFP application and it was delayed in the mail, the case is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the case is **DISMISSED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 28, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager